Rollins, S.:
This is a probate proceeding, whose trial before a referee has been lately concluded. Counsel for the contestant insists that certain testimony which he sought to introduce was improperly excluded at the reference, and he asks that ■ *453 the surrogate, before deciding upon the main issue, remit the case to the referee, with the direction that such testimony be received.
Counsel for the proponent opposes.
The question arises upon the following state of facts :One of the matters here in controversy is the testamentary capacity of this decedent on March 24, 1886.
Dr. James A. Meek testified that he was for a time the decedent’s physician; that he paid her his last visit in that capacity in December, 1885; that two or three months thereafter he was on one occasion, "asked to go up stairs and see her in a friendly way,” and that he did so. He was then asked by contestant’s counsel:
“ Did you observe her mental condition on the occasion of that call, two or three months after your services as a physician to the deceased had ceased ? ”
The referee sustained the proponent’s objection to this question and did not permit it to be answered. The witness was subsequently asked:
“ Will you tell us the condition of Mrs. Darragh during the time you attended upon her, provided the information, which you give us and which you so acquired in attending on her, was not necessary to enable you to act in your capacity as physician ? ”
This was objected to, on the ground that it is in the nature of things impossible for a physician to discriminate in his observation of a patient, between the things that are necessary to enable him to act in his professional capacity, and the things that are not necessary.
The referee sustained the objection. In this course he seems to me to have erred. The only grounds upon which a physician’s testimony concerning his patient is inadmissible, because of the mere relation of physician and patient are the grounds stated in section 834 of the Code. It is not all information acquired by the physician, that is excluded by that section; information obtained by the physician, even when in actual attendance upon his patient, may be put in evidence, provided the information was not “necessary to enable him (the physician) to act in that capacity.” An assumption that all information acquired by the physician is information necessary to enable him to act, is manifestly not warranted by the statute.
When one seeks to prove by a physician a fact regarding such'physician’s patient, I cannot doubt that the physician is himself a competent witness, to show whether his knowledge of such fact was or was not acquired in attending such patient, and was or was not necessary to the due performance of his professional duties.
In Edington v. Ætna Life Ins. Co. (77 N. Y., 564), the court of appeals says, Earl, J., pronouncing its opinion:
*454 “Before information can be excluded under this statute, it must appear that it was such as the physician acquired in some way while professionally attending the patient, and it must also be such as was necessary to enable him to prescribe as a physician or to do some act as a surgeon. It is not sufficient to authorize the exclusion, that the physician acquired the information while attending his patient, but it must be the necessary information mentioned. If the physician has acquired any information which was not necessary to enable him to prescribe, or to act as a surgeon, such information he can be compelled to disclose, although he acquired it while attending the patient; and before the exclusion is authorized the facts must, in some way, appear upon which such exclusion can be justified. ”
To similar effect see People v. Schuyler (8 N. Y. State Rep., 860).
In the case- of Edington v. Ætna Life Ins. Co. (supra), it was held that the trial court had erred in excluding a question addressed to a physician, whether, in his (the physician’s) opinion, a person whose bodily health was the subject of inquiry, and who had been a patient of the witness, was or was not, at a time specified, “a man in good health and of sound body.”
In commenting upon this situation Judge Earl says:
“ How could the court know, without a particle of evidence, that the question could not be answered without violating the statute * * * . And even if, in answering the question, the witness would have had to disclose information he acquired while attending the patient, how can we, upon the evidence, say that such information was necessary to enable him to make his prescription ?”
For the reasons above set forth, I have decided to send the case at bar back to the referee, with instructions to permit the parties hereto, or any of them, to recall Dr. Meeks and to ascertain upon morejlefinite inquiry than has thus far been made:
First. Whether, on the occasion of his last visit to the decedent, he attended her professionally.
Second. Whether he can give material testimony in the cause, apart from anjr information obtained by him in the course of his professional attendance upon the decedent, and necessary to enable him to act as her physician.
In case it shall appear that such testimony can be given, the referee should receive it.